Hay, Judge,
.delivered the opinion of the court:
The plaintiff in this suit seeks to recover from the United States the sum of $20,395.22, made up of two items, one of $3,580.16 which it claims was due it for repairs to the S. S. Fenimpre under its contract with the United States, which contract is attached to the petition marked Exhibit A, and is made a part of the findings. The other item is the sum of *255 $16,815.06, the balance due the plaintiff for the manufacture of certain buoys which the United States ordered and upon completion thereof accepted and used.
As to the first item: It is made up of certain charges for work done under the contract. The contract provided for repairs which the United States might require to be done on vessels designated by it. The S. S. Fenimore was a vessel which the United States was in possession of and using during the life of the contract, and the repairs which the plaintiff made on it were ordered by the Government to be made under the contract aforesaid. After the repairs were made on the S. S. Fenimore there were frequent communications between the parties as to the amount due by the Government for said repairs; and there were other claims than the one in suit which were in dispute. Finally a suit was brought in this court by the plaintiff for items of repair on the S. S. Fenimore. These items so sued on did not include the items of charge involved in the instant case.
On June 30, 1921, the plaintiff executed a release of all claims against the United States under and by virtue of said contract, and thereupon the Government paid to the plaintiff the sum of $59,175.92, and the plaintiff dismissed its suit. The release provided that the plaintiff released and discharged the United States from “ all maimer of debts, dues, sum or sums of money, accounts, reckonings, claims, and demands whatsoever in law or in equity for or by reason of or on account of work done under said contract.” In the negotiations leading up to said settlement the plaintiff sought to insert in said release a provision reserving its right to sue foit the payment of the items of charge for the repairs to the S. S. Fenimore which it has included in this suit. The Government refused to accept the release in that form and the reservation sought to be made by the plaintiff was stricken from the release, and the plaintiff signed the release as it appears in Finding XIV and as it is above quoted.
We are of opinion that the items herein sued for were made in pursuance of the contract and that they were in part the subject of the negotiations which culminated in the payment of $59,775.92 and the signing of the release by the plaintiff. The plaintiff is bound by the terms of the release *256 and can not maintain its suit for the items making up its claim of $3,580.16.
As to tbe second item of $16,815.06: This item grew out of an order issued by the Navy Department in the regular form to the plaintiff for the manufacture of 32 buoys. The said order stated that just compensation had been determined to be the sum of $25,283.57. The plaintiff accepted the order but stated that the just compensation was not satisfactory; the defendant thereupon paid the plaintiff the sum of $18,962.68, which was 75 per cent of the amount designated by the defendant as just compensation.
We think the evidence clearly shows that the sum of $35,-777.74 was the reasonable charge for such work at the time and place performed, and have so found in Finding XII. Therefore a judgment will be entered for the plaintiff in the sum of $16,815.06, the balance due after crediting the defendant with the amount already paid to the plaintiff. It is so ordered.
Moss, Judge; Gkaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.